UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY HANNON, #313200,

    Petitioner,

v.                                     Case No. 2:09-CV-14552

                                       HONORABLE STEPHEN J. MURPHY, III

WILLIE SMITH,

    Respondent.
_____/

**OPINION AND ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. §2244(b)(3)(A)**

    Pending before the Court is Petitioner Anthony Hannon's *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner is a state inmate currently incarcerated at Ionia Maximum Correctional Facility in Ionia, Michigan. Petitioner challenges his conviction of four counts of first-degree criminal sexual conduct, Mich. Comp. Laws §750.520b)(1)(e). For the reasons stated below, the Court will transfer the matter to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. §2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**I. BACKGROUND**

    On September 26, 2003, the Court received a habeas corpus petition filed by Petitioner. The Honorable John Corbett O'Meara was the presiding judge. The habeas petition was dismissed with prejudice on June 1, 2004 because the Court did not find that habeas relief was warranted relative to Petitioner's insufficiency of evidence and disproportionate sentencing claims. *Hannon v. Renico,* No: 03-CV-73739, (E.D. Mich.

June 4, 2004).  Petitioner sought an appeal with The United States Court of Appeals for the Sixth Circuit on June 28, 2004.  The Sixth Circuit stated as follows:

> Anthony Hannon, a Michigan prisoner proceeding pro se, appeals a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U. S.C. §2254.  The filing of the notice of appeal has been construed as an application for a certificate of appealability.  See Fed. R. App. 22(b).
>
> Upon consideration, the court denies a certificate of appealabilty as to all issues.  See 28 U.S.C. §2253(c).

*Hannon v. Renico,* No: 04-1828, (6th Cir. Jan. 31, 2005).

Petitioner then returned to state court where he filed a motion for relief from judgment.  The trial court denied relief.  ("Opinion and Order Denying Defendant's Motion for Relief from Judgment," 12/10/07).   Petitioner appealed the trial court's ruling to the Michigan Court of Appeals where his appeal was denied because he "failed to meet the burden of establishing entitlement to relief under MCR 6.508."  *People v. Hannon,* No. 286000 (Mich. Ct. App. Jan. 22, 2009)(slip. op.). Petitioner then mailed an application for leave to appeal to the Michigan Supreme Court.  However, his pleadings were "received beyond the rule-prescribed time limitation" pursuant to MCR 7.302(C)(2). (Pet., attach, 3/20/09).   Therefore, Petitioner's application was not accepted for filing.

On November 20, 2009, the Court received Petitioner's pending habeas corpus petition.

## II. DISCUSSION

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. §2244(b)(3)(A); *In re Wilson,* 142 F.3d 939, 940 (6th Cir. 1998).   Under the AEDPA, a federal district court does not have

2

jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *Ferrazza v. Tessmer,* 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit Court must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be. *Id.* at 971; see also *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997). This requirement transfers to the court of appeals a screening function which the district court previously would have performed. *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

In the present case, Petitioner has previously filed a habeas petition with the federal courts challenging the same conviction as that which is presently being challenged in this Court. Although Petitioner would not have been required to obtain a certificate of authorization following the dismissal of this petition if it had been dismissed without prejudice on exhaustion grounds, see *Harris v. Stovall,* 22 F. Supp. 2d 659, 664 (E.D. Mich. 1998), Petitioner's prior habeas petition was dismissed with prejudice on substantive grounds. Petitioner's current habeas petition is a second or successive petition for a writ of habeas corpus and he is therefore required to obtain a certificate of authorization.

Although neither party raised the issue of this being a second or successive petition, it is appropriate for this Court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of the Constitution. See *Williams v. Stegall,* 945 F. Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive petition, it would be error for this Court to review the substance of the petition, rather than transfer it to the Sixth Circuit, because to do so

in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gate keeping provisions. *Corrao v. United States,* 152 F.3d 188, 190-91 (2d Cir. 1998).

### III.  CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. §2244(b)(3)(A).

Accordingly,

IT IS ORDERED that the Clerk of the Court **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  December 23, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 23, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager

4